Nott, J.,
delivered the opinion of the court:
In the case of Stone (29 C. Cls. R., 111), this court held that when the ownership of the property, the possession of it, the quantity of it, the value of it, and the fact of the depredation depend exclusively upon the testimony of the party in interest and a single witness the court will not allow such testimony wholly unsupported to control a decision though the witnesses be neither contradictory nor impeached. It should be added that that decision was made in a case where a claimant had never presented his claim to the Department of the Interior or to Congress or to any officer or agent of the Government until after the lapse of more than twenty-eight years when he filed his petition in this court.
In the present case the second depredation alleged in the petition occurred on the 15th October, 1867, and no presentation of the claim was made until the petition was filed in this court on the 5th October, 1891, an interval of more than twenty-four years. It is supported only by the testimony of the two parties claimant.
*327 A distinction is sought to be drawn between this case and Stone’s by the claimants’ counsel founded upon two facts — that the claim here is for a trivial amount, and that it is supported by the testimony of two claimants instead of one. '
In the Stone Case the court did not pass upon or question the credibility of the witnesses. It siuqply ruled that in such a case such evi dence is insufficient to support a judgment. The ruling was as if another court should refuse to allow a case to go to a jury, saying that the evidence produced by the plaintiff is not sufficient to support a verdict. It was not the case of an issue submitted to a jury and the jury refusing to find a verdict for the plaintiff because the jurors did not believe his witnesses.
These Indian depredation cases — cases where a man can bring an action at law more than twenty-four years after his cause of action arose, without previous notification of any kind to put the defendant upon inquiry — are without a precedent in the history of jurisprudence. To allow such a suit to be maintained and a recovery to be had, exclusively upon the testimony of the party in interest and one corroborating witness for no other reason than that the testimony is not contradicted and the witnesses are not impeached, will be to put the defendant at the mercy of any unscrupulous party who may have brought a suit. Such a result will not be the due administration of justice.
Every court as a court owes protection to the parties before it. Verdicts are set aside as against the weight of evidence, and verdicts are not allowed where they will be unsupported by sufficient evidence. The fact that a jury may believe or disbelieve testimony is not the sole criterion in the determination of facts. It is not the duty of a court to criticise the witnesses, or weigh the testimony, or on the testimony to reach a different conclusion from that of the jury; but it is the duty of the court to see that a sufficiently stable foundation is laid upon which to rest a verdict, and to set aside the result of a jury’s deliberations where the verdict appears to the court to be clearly against the weight of evidence, i. e., where it would be prejudicial to the due administration of justice to allow such.a,verdict to stand.
The court must therefore reiterate in the present case the rule laid down in Stone’s, that where a claim has never been presented to any officer or department of the Government and *328 bas been first brought to the notice of the defendants by an action in this court, begun after a great number of years and supxiorted wholly by the testimony of the parties in interest without sufficient corroboration by other witnesses, or by other evidence, documentary or circumstantial, the court will not make a finding of fact analogous to a special verdict, but will dismiss the case as unsupported by sufficient proof.
The judgment of the court is that the claimants recover for the first and third of the alleged depredations $1,355, and that as to the second depredation of the 12th April, 1867, their petition be dismissed.